Kodell FOSTER, Appellant,

v.

The STATE of Texas, Appellee.

No. 10–07–00358–CR.

Court of Appeals of Texas, Waco.

Sept. 1, 2010.

Charles W. McDonald, Attorney at Law, Waco, TX, for Appellant.

John W. Segrest, McLennan County District Attorney, Waco, TX, for Appellee.

Before Chief Justice GRAY, Justice REYNA, and Justice DAVIS.

## ORDER

PER CURIAM.

Appellant Kodell Foster has filed an "Unopposed Motion to Stay, Execution of Set Aside or Withdraw Mandate."[1] The motion, which seeks to have this court recall its mandate, was filed in conjunction with Foster's untimely second petition for discretionary review (for which a request for extension of time was filed but has been denied). For the reasons below, the court denies the motion.

The court issued a memorandum opinion in this case on June 3, 2009. After the filing and denial of Foster's motion for rehearing, Foster, after obtaining an extension of time from the Court of Criminal Appeals, timely filed a petition for discretionary review on December 1, 2009. *See*

1. This motion, which contains both this court's cause number as the lead cause number and a Court of Criminal Appeals cause number (No. PD–1325–09), was filed in this court on May 6, 2010. The same motion (but with the Court of Criminal Appeals cause number as the lead cause number) was also filed in the Court of Criminal Appeals on May 7, 2010. The bodies of the two motions are identical.

2. Previously, in *Guyton v. State*, No. 10–07–00070–CR, 2009 WL 290935, after this court had issued a Rule 50 opinion on February 6, 2009, the Clerk forwarded the record and the petition for discretionary review to the Court of Criminal Appeals on February 10, 2009. A week later, the Clerk of the Court of Criminal Appeals returned the record with a February 17 letter stating the following:

> This Court is returning the record in the above styled and numbered cause number because the parties still have time in which to file petitions for discretionary review.

TEX.R.APP. P. 50. As allowed by Rule 50, this court issued a "memorandum opinion on petition for discretionary review" (also known as a "Rule 50 opinion") on January 27, 2010 and withdrew the June 3, 2009 memorandum opinion that was the subject of, and attached to, the December 1 petition for discretionary review.[2] Thereafter, no timely amended petition for discretionary review or new petition for discretionary review was filed, (*see* TEX.R.APP. P. 50(a, b)), and the mandate was duly issued).

Foster then filed a second petition for discretionary review and the instant motion with this court on May 6, 2010, and a motion for extension of time, which the Court of Criminal Appeals denied.[3] The Court of Criminal Appeals nevertheless requested that this court transmit the record, and it and both of Foster's petitions for discretionary review were forwarded to the Court of Criminal Appeals.

The Clerk of this court received a copy of a June 9, 2010 letter from the Clerk of

> See Tex. R. App. P. 50(b) and 68.2. As pertinent to this case, and in accord with rule 68.2, the parties have 30 days after the day the court of appeals renders judgment to file a petition for discretionary review. Then see rule 68.7(c) for forwarding to this Court.

For this reason, Foster's December 1 petition for discretionary review and the record were not forwarded to the Court of Criminal Appeals.

As a result of telephone communications between the Clerk of this court and the Court of Criminal Appeals' Clerk's office after the filing of Foster's second petition for discretionary review, the Clerk of this court is under the impression that it was proper to not have forwarded Foster's December 1 petition for discretionary review and the record to the Court of Criminal Appeals.

3. The instant motion explains Foster's counsel's personal circumstances relating to the untimely second petition for discretionary review.

the Court of Criminal Appeals to Foster's counsel.[4] That letter states in full:

This Court is in receipt of the Appellant's Petition for Discretionary Review in the above styled cause number. Records reflect an Opinion was issued by the 10th Court of Appeals on 01/27/2010 pursuant to T.R.A.P. Rule 50, affirming the conviction; a motion for rehearing was not filed. Petition for Discretionary Review was due in the 10th Court of Appeals on 02/26/2010. The 10th Court of Appeals issued mandate in the above styled cause on 05/04/2010.

The Appellant filed an extension of time to file Petition for Discretionary Review on 05/07/2010 and the motion was denied on 05/17/2010. Since the 10th Court of Appeals has issued mandate in the case, *NO ACTION WILL BE TAKEN ON THIS PETITION.* The petition is being placed in the file and the record is being returned to the 10th Court of Appeals.

In addition, on May 17, the Court of Criminal Appeals denied Foster's identical "Unopposed Motion to Stay, Execution of Set Aside or Withdraw Mandate" that was filed in the Court of Criminal Appeals on May 7.[5] Because the Court of Criminal Appeals has considered Foster's two petitions for discretionary review and the issues surrounding them and has already denied Foster's "Unopposed Motion to Stay, Execution of Set Aside or Withdraw Mandate" that was also filed in the Court of Criminal Appeals, this court denies Foster's motion.

Chief Justice GRAY dissenting.

---

4. The letter came to this court with the record. Included was Foster's first petition for discretionary review, and it was returned with a diagonal line marked across it with the notation, "Rule 50."

5. This court received notice of the Court of Criminal Appeals' ruling by email on May 17.

TOM GRAY, Chief Justice, dissent to order.

We have a new set of rules. Let us follow them. As explained below, I would withdraw the mandate issued in this proceeding. Because the Court denies the motion under consideration, I respectfully dissent.

Pending before the Court is Foster's Unopposed Motion to Stay Execution or Set Aside Mandate. Because of an error of this Court in failing to comply with the Rules of Appellate Procedure, specifically the failure to timely forward a petition for discretionary review to the Court of Criminal Appeals, the mandate was issued in this proceeding. The Court now refuses to withdraw the mandate which we had no authority to issue at the time that it was done.

### THE COURT'S ERRORS

In this proceeding, we issued an opinion on June 3, 2009. After a timely filed motion for extension of time to file a motion for rehearing was granted, Foster filed a motion for rehearing. The motion for rehearing was denied. For some inexplicable reason, a mandate was erroneously issued by the Clerk of this Court on September 9, 2009. That erroneously issued mandate was recalled on our own initiative on September 16, 2009.

Foster, after having filed a motion for extension of time to file a petition for discretionary review, timely filed a petition

The Clerk of the Court of Criminal Appeals has subsequently provided this court with the Court of Criminal Appeals' file-marked copy of the motion and its letter ruling in connection with its return of the petitions for discretionary review and the record.

for discretionary review on December 1, 2009. Thus, Rule 50 was triggered. Rule 50 provides:

### 50. Reconsideration on Petition for Discretionary Review

Within 60 days after a petition for discretionary review is filed with the clerk of the court of appeals that delivered the decision, the justices who participated in the decision may, as provided by subsection (a), reconsider and correct or modify the court's opinion or judgment. Within the same period of time, any of the justices who participated in the decision may issue a concurring or dissenting opinion.

(a) If the court's original opinion or judgment is corrected or modified, that opinion or judgment is withdrawn and the modified or corrected opinion or judgment is substituted as the opinion or judgment of the court. No further opinions may be issued by the court of appeals. ***The original petition for discretionary review is not dismissed by operation of law, unless the filing party files a new petition in the court of appeals.*** In the alternative, the petitioning party shall submit to the court of appeals copies of the corrected or modified opinion or judgment as an amendment to the original petition.

(b) Any party may then file with the court of appeals a new petition for discretionary review seeking review of the corrected or modified opinion or judgment, including any dissents or concurrences, under Rule 68.2.

TEX.R.APP. P. 50 (emphasis added).

On January 27, 2010, within the 60–day window provided by Rule 50, the Court issued its Memorandum Opinion on Petition for Discretionary Review. At the same time, the previous opinion was withdrawn. Under the former version of Rule 50, upon the timely issuance of a new opinion, the "original petition for discretionary review is dismissed by operation of law." TEX.R.APP. P. 50 (Tex.Crim.App. 1997, amended 2008). The current version, however, provides for a dramatically different result. "The original petition for discretionary review is not dismissed by operation of law, unless the filing party files a new petition in the court of appeals." TEX.R.APP. P. 50.

This change in Rule 50 led to this Court's second error (the first having been corrected by withdrawing the first erroneously issued mandate). The Clerk of the Court failed to timely forward the petition for discretionary review, which had been timely filed, to the Court of Criminal Appeals as required by the Rules. Specifically Rule of Appellate Procedure 68.7 provides:

### 68.7. Court of Appeals Clerk's Duties

(a) On Filing of the Petition. Upon receiving the petition, the court of appeals clerk must file the original petition and note the filing on the docket.

(b) Reply. The opposing party has 30 days after the timely filing of the petition in the court of appeals to file a reply to the petition with the clerk of the court of appeals. Upon receiving a reply to the petition, the clerk for the court of appeals must file the reply and note the filing on the docket.

(c) Sending Petition and Reply to Court of Criminal Appeals. ***Unless a petition for discretionary review is dismissed under Rule 50, the clerk of the court of appeals must, within 60 days after the petition is filed, send to the clerk of the Court of Criminal Appeals*** the petition and any copies furnished by counsel, the reply, if any, and any copies furnished by counsel, together with the record, copies of the motions filed in the case, and copies of any judgments, opinions, and orders of the court

of appeals. The clerk need not forward any nondocumentary exhibits unless ordered to do so by the Court of Criminal Appeals.

TEX.R.APP. P. 68.7 (emphasis added).

At the time that this petition for discretionary review should have been forwarded to the Court of Criminal Appeals, the petition had not been dismissed by operation of law under Rule 50 by the filing of a new petition for discretionary review. Because it had not been dismissed by operation of law, the Clerk had no alternative under the Rule but to forward the petition for discretionary review to the Court of Criminal Appeals. TEX.R.APP. P. 68.7(c). Had this error not occurred, much of the confusion created by subsequent events could have been avoided.

The next error, our third, was that the Clerk of the Court erroneously issued the second mandate. The Clerk of the Court of Appeals is authorized to issue the mandate only after the passage of a certain amount of time after the court of appeals judgment is rendered if certain specified events have not occurred. TEX.R.APP. P. 18.1(a). Specifically, the rule provides:

**18.1. Issuance**

The clerk of the appellate court that rendered the judgment must issue a mandate in accordance with the judgment and send it to the clerk of the court to which it is directed and to all parties to the proceeding when one of the following periods expires:

(a) In the Court of Appeals.

(1) Ten days after the time has expired for filing a motion to extend time to file a petition for review or a petition for discretionary review if:

(A) *no timely petition for review or petition for discretionary review has been filed;*

(B) no timely filed motion to extend time to file a petition for review or petition for discretionary review is pending; and

(C) in a criminal case, the Court of Criminal Appeals has not granted review on its own initiative.

(2) Ten days after the time has expired for filing a motion to extend time to file a motion for rehearing of a denial, refusal, or dismissal of a petition for review, or a refusal or dismissal of a petition for discretionary review, if no timely filed motion for rehearing or motion to extend time is pending.

(b) In the Supreme Court and the Court of Criminal Appeals. Ten days after the time has expired for filing a motion to extend time to file a motion for rehearing if no timely filed motion for rehearing or motion to extend time is pending.

(c) Agreement to Issue. The mandate may be issued earlier if the parties so agree, or for good cause on the motion of a party.

TEX.R.APP. P. 18.1 (emphasis added).

Because Foster had timely filed a petition for discretionary review that had not been dismissed by operation of law under Rule 50, the Clerk should not have issued the mandate. TEX.R.APP. P. 18.1(a)(1)(A). Having erroneously issued the mandate, we should now recall it.

### RULING ON THE MOTION

Foster has filed a motion asking that we recall the mandate or set it aside. The Court denies the motion. I disagree and would grant the motion and recall the mandate.

First, we have jurisdiction. Because the mandate was erroneously issued, we have jurisdiction to recall the mandate pursuant to Rule 19.3. TEX.R.APP. P. 19.3(b) ("After

its plenary power expires, the court cannot vacate or modify its judgment. But the court may ... (b) issue and recall its mandate as these rules provide.")

Second, the recall of the erroneously issued mandate is the right thing to do. The existence of the erroneously issued mandate is an impediment to Foster obtaining review of his petition for discretionary review. This is because of events that occurred after the mandate was issued.

The due date for a new petition for discretionary review directed against the Memorandum Opinion on Petition for Discretionary Review, if Foster wanted to file one, was February 26, 2010. After the mandate was erroneously issued and the petition for discretionary review was erroneously held at the Court of Appeals rather than being forwarded to the Court of Criminal Appeals as required, and due to illnesses and personal circumstances, the attorney missed the purported deadline for filing a new petition for discretionary review. But a second petition for discretionary review was filed with this Court on May 6, 2010. I will call it the "second" petition for discretionary review as Foster did, although it is more accurate to call it an amended or supplemental petition for discretionary review. *See* Tex.R.App. P. 68.10. Foster also filed a belated motion to extend the time in which to file the second petition for discretionary review. That motion was denied by the Court of Criminal Appeals.

Based upon my review of the documents, it is clear that the judges on the Court of Criminal Appeals were unaware that a previous petition for discretionary review had already been timely filed and had not been dismissed pursuant to Rule 50 and had not been previously acted upon by the Court since the Court of Criminal Appeals Clerk did not docket it as required by Rule 68.8. It also seems clear that the Court of Criminal Appeals treated the second petition as if it was the first and only petition filed in this proceeding.

When the circumstances of the erroneous issuance of the mandate came to my attention by the motion to set aside or withdraw the mandate, it obviously caused me to question why the mandate had been issued. That is when I learned that the Clerk had treated the previously filed petition for discretionary review as it would have been treated under the former version of Rule 50 and failed to forward the petition to the Court of Criminal Appeals as required by the Rule as amended. Previously, the petition for discretionary review would have been dismissed by operation of law. But this situation is one of a myriad of situations to which the rule change is applicable. So my recommendation, at that juncture, was simply to send everything to the Court of Criminal Appeals so that the judges there would be fully apprised of our errors. Thus, the Court of Criminal Appeals could consider what the effect was of filing the second petition for discretionary review given that, if it was actually treated as a second petition for discretionary review, it was untimely but could be considered an amendment or supplement to the first and timely filed petition for discretionary review and thus considered on the merits.

Regardless of the timeliness of the second petition for discretionary review, the first petition for discretionary review had never been acted upon. And unless the second petition for discretionary review could be *untimely* for being considered on the merits, but could be *timely* to have the effect of dismissing the first petition for discretionary review by operation of law, a result which seems patently absurd to me, the first petition for discretionary review remains a viable petition for discretionary

review of Foster's complaints about this Court's judgment.

However, the Clerk of the Court of Criminal Appeals returned both petitions for discretionary review to this Court[1] and sent the following letter to Foster:

This Court is in receipt of the Appellant's Petition for Discretionary Review in the above styled cause number. Records reflect an Opinion was issued by the 10th Court of Appeals on 01/27/2010 pursuant to T.R.A.P. Rule 50, affirming the conviction; a motion for rehearing was not filed. Petition for Discretionary Review was due in the 10th Court of Appeals on 02/26/2010. The 10th Court of Appeals issued mandate in the above styled cause on 05/04/2010.

The Appellant filed an extension of time to file Petition for Discretionary Review on 05/07/2010 and the motion was denied on 05/17/2010. Since the 10th Court of Appeals has issued mandate in this case, *NO ACTION WILL BE TAKEN ON THIS PETITION.* The petition is being placed in the file and the record is being returned to the 10th Court of Appeals.

(Emphasis in original).

So to say the least, the erroneous issuance of the mandate by the Clerk is critical to Foster obtaining a review of this Court's judgment. The erroneous issuance of that mandate is apparently what is preventing Foster from obtaining the Court of Criminal Appeals' review of his petition for discretionary review.[2]

Finally, regardless of the effect of the second filed petition for discretionary review as to dismissing the first filed petition for discretionary review by operation of law, it could not have been the basis for this Court to have issued its mandate. The mandate issued 3 days before the second petition for discretionary review was filed. Thus it is without question that at the time we issued the mandate, there was a timely filed petition for discretionary review that should have already been in the hands of the Court of Criminal Appeals that had not been, and still has not been, acted upon. Accordingly, it is beyond question that it was error for the mandate to issue at the time and under the circumstances that it did.

## CONCLUSION

For the reasons as expressed, I would grant the motion by recalling the mandate that was erroneously issued. Because the Court denies the motion, I respectfully dissent.

---

1. The first filed petition was returned with a strike mark diagonally across it with the notation "Rule 50" hand written next to the strike mark. It is not at all clear who made the determination to not process the first filed petition. *See* Tex.R.App. P. 68.8

2. While I believe this Court's judgment is correct, that belief does not justify cutting off Foster's opportunity for review. Further, this process is more efficient than requiring Foster to file a petition for writ of habeas corpus for an out of time petition for discretionary review to which, based on the basis given by his counsel, he is almost assuredly entitled.